LONG-BELL LUMBER COMPANY *v.* MITCHELL.

4-7257                                            177 S. W. 2d 920

Opinion delivered February 21, 1944.

*Owens, Ehrman & McHaney,* for appellant.

*Isaac McClellan,* for appellee.

McFADDIN, J. This is a case under the Workmen's Compensation Law (Act 319 of 1939). The Commission disallowed the claim of appellee, Mitchell; and he appealed to the circuit court, which reversed the Commission and entered a judgment for Mitchell for sixty-five per cent. of the weekly wage for a total of three hundred

and fifty weeks; and the employer has appealed to this court.

On June 24, 1941, Mitchell was engaged in driving a team in logging operations for appellant near Sheridan, Arkansas. One of the horses fell, and Mitchell was trying to get the horse to arise when it suddenly raised its head and struck Mitchell on the nose causing a serious fracture. Mitchell was rushed to a hospital in Little Rock where a specialist tried to repair the injury and set the fractured nose, but Mitchell was in such a condition that the surgical work was not then carried to logical completion. The result is a curved and irregular septum, and sinus trouble, and difficulty in breathing when the head is other than erect.

Mitchell left the hospital June 28, 1941, and received compensation until July 23, 1941. Nothing further has been paid him, as the employer claims that Mitchell has been able to do full work since July 14, 1941. There was some correspondence between Mitchell and the Workmen's Compensation Commission in August, 1941, in which Mitchell made claim for additional compensation for pain and suffering, facial disfigurement, and decreased earning capacity. The matter remained quiescent until July 15, 1942, when Mitchell employed counsel. On July 22, 1942, formal claim was filed; and then ensued the hearing and determination by the Commission leading up to the present appeal, wherein arise the questions hereinafter discussed.

I. *Time for Filing Claim.* Before the Commission the contention was urged that Mitchell was injured on June 24, 1941, and since the claim was not filed until July 22, 1942, therefore the claim was barred because not filed within one year from the injury (See § 18 of the Workmen's Compensation Law). The Commission made a finding: "4. That the claims which were filed by Mitchell properly established claim of permanent partial disability in this case." The finding is correct for either of two reasons: (a) section 18 of the Workmen's Compensation Law says: "That if payment of compensation has been made in any case on account of such injury

. . . a claim may be filed within one year after date of last payment.'' Mitchell received compensation pay until July 23, 1941. So the payment of compensation to July 23, 1941, gave the claimant to and including July 22, 1942, to file claim; and this was done. See annotation in 144 A. L. R. 606. (b) The Commission treated the correspondence (heretofore referred to) between Mitchell and the Commission as tantamount to the filing of a claim; and in this the Commission was correct. In our Workmen's Compensation Law, formalities are frowned on. A reading of §§ 18, 19 and 27 thereof is convincing of this statement. The spirit of the law, *inter alia,* is to afford a speedy and simple form of relief to, or settlement of the claims of, those injured. (71 C. J. 247.) The act is to be liberally construed to effectuate its purposes; and the correspondence was notice of claim.

II. *The Claim for Facial Disfigurement.* Mitchell claimed that he was entitled to compensation under § 13-C-(22) of the act which provides: ''Disfigurement: The Commission shall award proper and equitable compensation for serious and permanent facial or head disfigurement, but not exceeding the sum of two thousand dollars ($2,000); provided, however, that in making such an award the Commission shall consider only the effect of such disfigurement shall have on the future earning capacity of the injured employee in similar employment; and provided, further, that no such award shall be entered until 12 months after the injury.''

· The Commission made a finding adverse to the claimant on this point, as follows: ''3. That the injury which claimant sustained did not result in facial disfigurement as contemplated by the act which would affect his future earning capacity in the type of employment to which he had fitted himself.'' The circuit court sustained the Commission on this point and Mitchell has cross-appealed. It will be observed that the only compensable disfigurement is one that affects earning capacity in a similar employment. There was ample evidence in the record to support the Commission's finding that the appearance of Mitchell's nose would not affect

his ability to secure employment. So Mitchell's cross-appeal is disallowed.

III. *The Claim for Disability.* Mitchell claimed that the injury to his nose rendered him unable to work and that this disability would continue. The Commission evidently treated this as a claim for permanent partial disability under § 13 (C) of the act and made a finding: "5. That the injury of June 24, 1941, did not result in a permanent partial disability to the claimant." In its conclusion of law the Commission stated: "According to the physician who examined and treated the claimant, and in fact all the medical testimony submitted, claimant's difficulty is ability to secure proper airing in the sinuses causing a condition similar to sinusitis. The weight of medical testimony is that this condition can be remedied by an operation which affords every hope for a successful reduction to the difficulties now suffered by the claimant."

Based on its findings and conclusions of law, the Commission then made the following award: "The respondents will offer to the claimant an operation for the correction of the difficulty of his breathing caused by the injury of June 24, 1941. . . The respondents will pay to the claimant sixty-five per cent. of his normal weekly wage during the period of his temporary total disability caused by this operation."

Only in the case of hernia is there any provision in the Arkansas Workmen's Compensation Law which requires a claimant to submit to an operation, and then only in the alternative. There are provisions that conditionally require a claimant to submit to physical examination and medical treatment (§ 23 (G) and § 43 (9)); but there is no provision that requires the claimant, in a case like this, to submit to any operation. What the Commission could not do directly, (*i.e.* require claimant to submit to an operation) it could not do indirectly (*i.e.* withhold temporary partial disability pay—if it were found that any such were due—until the claimant submitted to an operation).

It will be observed that the Commission made a finding that there was no permanent disability, yet stated that the claimant was suffering from the effects of the injury; and made an award for an operation and for temporary partial compensation from the time of the operation to the recovery therefrom. The Commission made no finding on temporary partial disability, but the award indicates such a disability. All the evidence is to the effect that whenever claimant sat or stood erect he could breath, but that the claimant could not stoop or lift as he did before the injury, so the Commission must necessarily have thought there was some disability. The award is thus seemingly in conflict with the findings of fact.

Under § 25 of the Workmen's Compensation Law the circuit court on appeal from the Commission, and this court on appeal from the circuit court, may "modify, revise, remand for rehearing or set aside the award upon any of the following grounds: . . . (3) that the facts found by the Commission do not support the award." The finding of fact about temporary partial disability should be definitely made by the Commission. In 146 A. L. R. 123 there is an excellent and exhaustive annotation on "necessity, form and contents of findings of fact to support administrative determinations relative to workmen's compensation"; and on page 197 ff. thereof, there is discussed "the effect of omission to make the requisite findings of fact." See, also, 71 C. Jur. 1179 and 1188. In *Nystrom* v. *Industrial Commission*, 196 Wis. 406, 220 N. W. 188, the Wisconsin Supreme Court reversed and remanded a cause to the Commission (via the circuit court) with directions to make a finding of fact as between permanent and partial disability. Section 102.23 of the Wisconsin Code (see p. 4246 of Schneider on Workmen's Compensation Statutes) gives the Wisconsin Supreme Court practically the same powers on appeal that § 25 of our Workmen's Compensation Act gives this court on appeal. So, in the case at bar, we think the correct procedure is to reverse and remand to the Commission (via the circuit court) on this matter of a definite finding on temporary partial disability.

IV. *The Circuit Court Judgment.* The circuit court on appeal treated the findings, conclusions, and award of the Commission as establishing a claim for temporary partial disability, under § 13 (d) of the act; and entered a final judgment for the claimant for sixty-five per cent. of his full weekly wage for a total of three hundred fifty weeks. The weekly wage of the claimant at the time of the injury was $14, and sixty-five per cent. of that figure is $9.10. The judgment was thus for an aggregate of $3,185, and from that judgment the employer has duly appealed.

We think that the circuit court erred in the judgment that it rendered, not only in going beyond the finding of the Commission, but for the further reason that the act provides (§ 13, d) that the award for temporary partial disability shall be sixty-five per cent. of the *difference* between the weekly wage earned at the time of the injury and that capable of being earned after the injury. There was proof of some work and earnings by Mitchell after the injury but the gross is not shown for any sustained period. It is for the *Commission* to determine this difference and make such an award when, as, and if the Commission finds that there was a temporary partial disability, as it evidently did under the award made by it in this case.

*Conclusion:* Therefore without expressing any opinion on the facts (which we do not weigh), we reverse the judgment of the circuit court, in so far as it allowed recovery to the claimant, and remand the cause to the circuit court with direction to remand the cause to the Commission for a rehearing in whole or in part as the Commission may see fit, and for its further findings, conclusions, and award after said hearing, in order that the conflict between the findings and the award as now shown in the record may be dispelled.

Reversed and remanded with directions on the direct appeal. Affirmed on the cross-appeal of Mitchell.