Paragould Laundry & Dry Cleaning Company
v. Rogers.

4-7995                                    197 S. W. 2d 567

Opinion delivered November 25, 1946.

*Phil Herget* and *Kirsch & Cathey*, for appellant.

*Denver Dudley* and *W. W. Bandy*, for appellee.

Smith, J. On April 16, 1942, while employed by the appellant laundry company, appellee, Rogers, hereinafter referred to as claimant, stepped on a small box to turn off a ceiling fan. The box tilted and claimant fell, striking the edge of the box in a sitting position. Medical attention revealed that claimant had sustained a fracture of his coccyx or tail bone. Claimant was earn-

ing, at the time of his injury, a wage of $15 per week, with a bonus of $10 per month.

A surgical operation was performed, removing the coccyx. Upon claimant's contention that the operation had not restored him to the condition where he could perform labor similar to that in which he was engaged when injured, he was given the most extensive treatment by a number of doctors of the highest reputation, whose testimony would support the finding that claimant now suffered only from a pathological condition, which would be relieved if he returned to the performance of the ordinary labor of which he was capable.

At his own request, claimant was sent for examination and treatment to the Ochsner Clinic in New Orleans. A member of this clinic reported that claimant's symptoms were so numerous and bizarre that he suspected that claimant was grossly exaggerating his troubles, and witness felt certain that claimant would be able to work if there were no compensation aspect. Had the Commission so found, the testimony of this witness, and that of a number of other doctors, would support that finding, which finding, had it been made, would have warranted the dismissal of the claim. But there was some testimony that the claimant had not fully recovered, and that he was still suffering from a partial disability which affected his earning capacity.

Upon reeiving the reports of the numerous doctors the laundry company suspended disability payments. A report adverse to claimant was made by the Commission's referee, which was reviewed and modified by the Commission. The effect of the Commission's holding was to direct that disability payments be continued, but that claimant should seek employment in industry, gradually increasing the extent of the work performed by him in an attempt to regain his preinjury working capacity. Claimant did not obey this order to resume work. He did seek employment at another laundry, where he was paid a wage of $25 per week, but he quit that employment at the end of two weeks for the reason, stated by him, that

he was unable to do the work, or to perform any other gainful work.

Claimant moved to California, taking his wife and two daughters with him. They secured employment there, in which they are now engaged. He secured employment as manager of an apartment house, at a salary of $15 per month, with allowance of rooms for himself and family, the worth of which was estimated to be approximately $25 per month.

While in California claimant was examined by two physicians whose reports induced the Commission to hear the matter further.

The very voluminous record in this case recites the extended hearings before two referees, and the holdings of the Commission thereon, which we find it unnecessary to recite in detail to reach a decision upon the point presented by this appeal.

John C. Linthicum was the second referee who heard the case. He found that claimant had made no effort to secure employment as directed in the first award of the Commission, and he concludes his report to the Commission as follows: ''Having concluded as above, the referee is of the opinion claimant's claim for additional compensation subsequent to August 22, 1944, must be, and the same is hereby denied and dismissed.''

From this order the claimant appealed to the full Commission which, on December 14, 1945, after a further hearing, rendered a decision affirming the order of the referee, and in that connection made the following findings of fact. ''(1) That Claimant is not now and has not been since August 22, 1944, disabled to such an extent as would prevent him from accepting reasonably light work. (2) That the claimant has evidenced no effort to cooperate with the Commission according to their directions to him, in an effort to rehabilitate himself into industry.'' Upon these findings of fact the following conclusions of law are announced.

''Upon consideration of all the evidence the Commission finds that these respondents are justified in

discontinuance of compensation payments to this claimant on August 22, 1944, in view of the claimant's refusal to follow the direction of this Commission and attempt to rehabilitate himself by performing such light work as his physical condition would permit and the referee's opinion of December 5, 1944, denying further compensation to this claimant is hereby affirmed in all things. It is so ordered.''

This order of the Commission was set aside on the appeal to the Circuit Court, and in the judgment of the court it was recited:

"This court further finds that in said order, judgment or opinion of said Commission the finding is made that claimant is still laboring under some disability, but that compensation is denied because of claimant's failure to seek employment in industry, although its opinion of April 5, 1944, required only that he 'Perform such work as he is physically capable of performing, generally increasing the extent of work performed by him in an attempt to regain his preinjury working capacity.'

"For the reasons aforesaid the court reverses the order, judgment or opinion of the referee, John C. Linthicum, of date November 9, 1944, and also the order, judgment or opinion of the Commission of date December 14, 1945, and remands this cause to the said Commission with directions to proceed to make a definite finding of fact as to the claimant's disability. It is so ordered.'' From that judgment is this appeal.

For the reversal of the judgment of the circuit court it is insisted that the court erred in finding that the effect of the Commission's opinion was to indicate the existence of some partial disability on the part of the claimant. There was no attempt on the part of the circuit court to modify any findings of fact made by the Commission. On the contrary, the effect of the judgment of the circuit court is that it was error to dismiss the claim entirely, inasmuch as there was apparently a finding of partial disability, and further that if there is partial disability the claim should not be dismissed so long as the disability

768

continues and the court directed the Commission "to make a definite finding of fact as to the claimant's disability."

This definite finding should be made before the claim is dismissed. In the recent case of *Conatser* v. *Hoskins Truck Service, ante,* p. 141, 194 S. W. 2d 680, we said: " 'Disability,' as defined in the statute, 'means incapacity because of the injury to earn in the same or any other employment the wages which the employee was receiving at the time of the injury.' Section 2 (e) of Act 319 of 1939."

Paragraph (g) of § 13 of the Workmen's Compensation Law (Act 319 of the Acts of 1939) provides that: "If any injured employee refuses employment suitable to his capacity offered to or procured for him, he shall not be entitled to any compensation during the continuance of such refusal, unless, at any time, in the opinion, of the Commission, such refusal is justifiable."

The Commission is authorized under this statute to order the suspension of compensation payments, so long as the Commission's order is being violated, but it does not authorize the Commission to dismiss the claim on that account. If there exists a disability which reduces the claimant's ability to work, he is entitled when and if he complies with the law, to compensation proportionate to this diminution.

The circuit court judgment ordered the Commission to make a definite finding on this question of temporary disability, and we think the opinion in the case of *Long-Bell Lbr. Co.* v. *Mitchell,* 206 Ark. 854, 177 S. W. 2d, 920 warranted that action. In the case cited the Commission made no finding on temporary partial disability, but the award indicated such a disability. We there said: "The finding of fact about temporary partial disability should be definitely made by the Commission." This is the direction of the circuit court judgment in the instant case. When that finding has been made, all payments of compensation will be discontinued, if it is found that there is no temporary disability. On the other hand,

if the finding is made that there is temporary disability, the claim should not be dismissed so long as that disability continues, although disability payments may be discontinued during the period of time the injured claimant refuses employment, suitable to his capacity, offered to or procured for him.

The judgment of the circuit court will, therefore, be affirmed pursuant to which the Commission will make the definite finding which the circuit court judgment requires.