KIMPEL, GUARDIAN *v.* GARLAND ANTHONY LUMBER Co.

4-9115, 4-9109—consolidated                    227 S. W. 2d 932

Opinion delivered March 6, 1950.

Rehearing denied April 10, 1950.

*Wilson, Kimpel & Nobles,* for appellant.

*Mahony & Yocum* and *C. E. Wright,* for appellee.

GEORGE ROSE SMITH, J. Case No. 4-9115, a proceeding under the Workmen's Compensation Act, was consolidated here with No. 4-9109, a common law action. In the first case Jethro Johnson's father, stepmother, and younger brother seek to recover compensation for Jethro's accidental death. It is admitted that his death occurred in the course of his employment by the appellee lumber company. The Commission denied compensation, finding that the father and brother were not dependent on the decedent and that the stepmother's claim was filed too late. The circuit court affirmed the Commission.

There were three hearings before the Commission. The material facts bearing on the claim of Jethro's father, Leonard Johnson, are not disputed. Leonard is a tenant farmer whose earnings have provided not more than a meager subsistence for his family. Jethro, who was eighteen years old when he was killed in 1946, was earning about $30 a week. At the first hearing Leonard testified that every week he directed Jethro to surrender his entire pay. Leonard said that this arrangement was to continue during Jethro's minority, and because Jethro was a minor Leonard "commanded" his earnings. Leonard used the money to supplement his own income and gave back what he could spare to Jethro, usually $10 a week or more. Jethro frequently used part of these returned funds to buy groceries for the family table.

Upon these facts the Commission held that Leonard Johnson was not dependent upon Jethro. In its opinion the Commission reasoned: "A father under the law in most circumstances has a right to the earnings and wages

of a minor child in return for his duty under the law to support and protect the minor child. This does not establish the fact that the parent is a dependent of the child but rather that the child is a dependent of the parent, needing the protection of the parent both for his person and his property." The Commission added that Leonard is an able-bodied man, but the decision was put on the ground that "the wages and earnings of Jethro were 'commanded' simply because Jethro was a minor and that was the 'understanding' between Jethro and his father."

We think the Commission was mistaken in its conclusion that a father's assertion of his common law right to his child's earnings precludes the possibility of the father's being a dependent under the Compensation Act. The statutory definition of an employee expressly includes a minor, and a parent is among those entitled to receive benefits in death cases. Ark. Stats. 1947, §§ 81-1302 (b) and 81-1315 (c). It must also be observed that for the purpose of receiving compensation a minor ceases to be a dependent himself when he attains the age of eighteen. § 81-1315 (d). Here the Commission said that the facts proved not that the father was dependent on the son but that the son was dependent on the father. Yet Jethro was eighteen and could not have qualified as a dependent under the Act if Leonard had been the decedent. We think it clear that the Act does not embrace the common law rules of dependency, at least as to minors who have reached eighteen. We realize that in some instances compensation is not payable to any one at all, for the reason that the employee had no dependents within the statutory definitions, but we hardly think the legislature meant for that situation to exist in every case of an unemancipated minor who has attained eighteen. Such a conclusion would mean that for a period of three years (age eighteen to age twenty-one) the compensation insurance that the employer must carry upon a minor employee would usually be useless as far as death benefits are concerned.

Here the uncontradicted testimony would have established a case of partial dependency if Jethro had been twenty-one or more. Partial dependency is all that is necessary to establish a claim under the Act. *Crossett Lbr. Co.* v. *Johnson,* 208 Ark. 572, 187 S. W. 2d 161. (The 1948 amendment, reducing the amount payable to one only partly dependent, is not involved here. Ark. Stats., § 81-1315 (i), as amended.) In the view we take of the Act, the undisputed facts necessitate an award in favor of Leonard Johnson.

There is substantial evidence to support the Commission's finding that Jethro's brother was dependent upon his father alone. At the third hearing there was testimony that Jethro often gave his brother a dollar or two before turning his pay over to Leonard. This testimony contradicts Leonard's earlier statement that he required Jethro to surrender his entire pay, but even if believed it proves only that Jethro made small gifts to his brother. Jethro's stepmother did not file her claim within one year after Jethro's death, as required by the Act, and objection thereto was promptly made. § 81-1318. We accordingly affirm the denial of compensation to the stepmother and brother. We reverse the circuit court's action in the case of Leonard Johnson and remand the cause with directions that the Commission be instructed to enter an award in favor of Leonard Johnson.

Case No. 4-9109 is an action at law based on the appellee's asserted negligence in causing Jethro's death. It was brought upon the theory that this remedy is still available if Jethro was not covered by the Compensation Act. Since we have held that he was it is unnecessary to consider this case, the statutory remedy being exclusive. § 81-1304. The circuit court's dismissal of the negligence action is affirmed.

GRIFFIN SMITH, Chief Justice, concurring in part. In reversing that part of Case No. 4-9115 relating to Jethro's alleged contributions to his father, I would remand. We have formerly held that findings of facts in compensation cases are not made here. The Commis-

sion's dual treatment of dependence involves both law and fact and from my point of view the findings and declarations do not show that the result rests solely on a misconception of the law. I would therefore give the Commission an opportunity to say whether, under the facts, a case was made.