Brown *v.* Patterson Construction Co.

5-2765                                              361 S. W. 2d 14

Opinion delivered October 1, 1962.

[Rehearing denied November 5, 1962.]

*J. R. Wilson,* for appellant.

*Riddick Riffel,* for appellee.

Carleton Harris, Chief Justice. Appellant, Administratrix of the estate of her son, Randal Gene Brown, instituted an action in the Bradley County Circuit Court on behalf of herself, Jesse Brown, father of Randal Gene, and several brothers and sisters of the decedent. The suit was brought against W. H. Patterson and Inodean Patterson, a partnership, d/b/a W. H. Patterson Construction Company, and against Malcolm Browning and William Henry Browning, employees of the company, alleging that Randal Gene, while employed by the construction company, was killed in an accidental injury arising out of his employment. Appellant asserted that Randal Gene Brown's death was caused by the negligence of the servants [Malcolm and William Henry Browning] of Patterson Construction Company and damages were sought in the total sum of $100,000. Patterson Construction Company filed a motion to dismiss, setting up that the Bradley Circuit Court was without jurisdiction for the reason that "jurisdiction lies exclusively with the Arkansas Workmen's Compensation Commission." The two Brownings filed a demurrer to the complaint, assert-

ing that the court was without jurisdiction over the person of those defendants, and that the allegations in the complaint were insufficient to state a cause of action against them. No order by the court relative to the demurrer appears in the record, but the court did grant Patterson's motion to dismiss. From the order entered dismissing the complaint as to the Pattersons, appellants bring this **appeal.**

Admittedly, Randal Gene Brown was an employee of Patterson Construction Company, and was fatally injured in an accident arising during, and out of, his employment. Patterson Construction Company did carry Workmen's Compensation Insurance, and under the provisions of Section 81-1304, Ark. Stats., the rights and remedies of appellant were exclusively under the Workmen's Compensation Law.[1] That section provides in part as follows:

"The rights and remedies herein granted to an employee subject to the provisions of this act, on account of injury or death, shall be exclusive of all other rights and remedies of such employee, his legal representatives, dependents, or next kin, or any otherwise entitled to recover damages from such employer on account of such injury or death, except that if an employer fails to secure the payment of compensation, as required by the act, an injured employee, or his legal representatives, in case death results from the injury, may at his option, elect to claim compensation under this act or to maintain a legal action in court for damages on account of such injury or death."

In conformity with this section we have held on numerous occasions that the rights and remedies granted to an employee subject to the provisions of the Compensation Act, on account of personal injury or death, are exclusive of all other rights and remedies of such employee, his legal representative, dependents, or next of kin. See *Haggar, Administratrix* v. *Wortz Biscuit Company,* 210 Ark. 318, 196 S. W. 2d 1, *Kimpel, Guardian* v. *Garland Anthony Lumber Co.,* 216 Ark. 788, 227 S. W. 2d 932.

---

[1]In fact, an award has already been made by the Commission, the amount of which is questioned in another case before this Court.

Accordingly, the trial court's order dismissing the complaint was entirely proper.

As previously mentioned, no order appears in the record relating to the demurrer filed on behalf of the Brownings.[2] Accordingly, we do not pass on the question of whether appellants' tort action against the Brownings, under our holding in *King* v. *Cardin*, 229 Ark. 929, 319 S. W. 2d 214, can be maintained.

The Court's judgment dismissing the complaint against the Pattersons, and W. H. Patterson Construction Company, is affirmed.

---

[2]The complaint alleges that Malcolm Browning was the foreman on the job during the period when Randal Gene Brown was fatally injured, and that Browning had placed his son, William Henry Browning, in charge of the operation of a certain machine, the son being totally unskilled and incapable of operating such machine. "William Henry Browning set in motion the wrong piece of machinery which negligently and carelessly injured Randal Gene Brown" * * *.