ARTHUR H. HAYS, COMMISSIONER OF LABOR, ET AL
*v.* BATESVILLE MFG. CO.

5-5679                                           473 S.W. 2d 926

Opinion delivered December 20, 1971

*Herrn Northcutt,* for appellants.

*Highsmith, Harkly & Walmsley,* for appellee.

LYLE BROWN, Justice. This is an unemployment compensation case. The appellants are Arthur H. Hays, Commissioner of Labor, and the claimant, Mrs. Mary Arnold. The appellee is Batesville Manufacturing Company, employer of claimant. The Searcy office of the employment security division approved Mrs. Arnold's claim for compensation and was upheld by the appeals referee and the board of review. On appeal by the employer to circuit court the employer obtained a reversal.

In April 1968 claimant went to work for the employer on the second (night) shift. In August 1968 claimant exercised her seniority right and was transferred to the first (day) shift. On February 11, 1969, claimant was laid off due to a reduction in the labor force. She thereafter drew some $700 in compensation benefits. In October 1969 she was recalled to the second shift. She

declined to accept night work "because my husband was away and there was no one to stay with the child."

The board of review based its finding of compensability on the fact that claimant had not been separated from her work because of misconduct in connection with the work. The board cited Ark. Stat. Ann. § 81-1106 (b) (1) (Repl. 1960). That section recites that an individual shall be disqualified for benefits "if he is discharged from his last work for misconduct in connection with the work."

In reversing the board the trial court cited § 81-1106 (a) (Supp. 1969), where it is provided that disqualification results if the worker "voluntarily and without good cause connected with the work, left his last work." The trial court took the position that claimant "did not perform available, offered and suitable work, voluntarily separating herself from employment without good cause connected with the work."

In addition to the statutes we have recited there is another section which is vital to a determination of whether claimant is entitled to have her claim allowed. Under § 81-1106 (c) (2), when work is proffered a worker who has been laid off it must be determined by the administrative agency whether the proffered work is new work. If so, the agency must take evidence on whether "the wages, hours, or other conditions of the work offered are substantially less favorable to the individual than those prevailing for similar work in the locality." The conclusions of the administrative agency and the trial court were reached without any evidence being tendered on the over-all requirements of the cited section. The only evidence in the record on those issues is that claimant had a child-care problem. The standards which we have included in quotations have been described as "a basic minimum which all new work must meet." Sanders, Disqualification for Unemployment Insurance, 8 Vand. L. Rev. 307 (1955). When an administrative agency fails to make a finding upon a pertinent issue of fact the courts do not decide the question in the first instance; the cause is remanded to the agency so a

finding can be made on that issue. *Reddick* v. *Scott*, 217 Ark. 38, 228 S. W. 2d 1008 (1950).

We are not unmindful of our holding in *Stover* v. *Deere, 249 Ark. 334, 461 S. W. 2d 393 (1970)*. There we said we would not remand because proof was allegedly lacking, or a material issue was not raised as to whether claimants had registered for work or were available for work during the week in question; nor would we remand because of a suggestion made in oral argument that the week in question might have been a waiting period during which the benefits were not payable. *Reddick* and *Stover* are distinguishable. In *Reddick* (as well as in the case at hand) there was no fact finding on crucial issues, in the absence of which the litigation could not be resolved. The case at bar is parallel to *Reddick* in that the board of review did not make a finding of fact on a material issue on evidence that was before them, but chose to rest its decision on another point. For that reason this cause is remanded to the circuit court with directions to remand to the board of review for findings upon the issues under § 81-1106 (c) (2).

Reversed and remanded.