138

Paul LAWRENCE v. William F. EVERETT,
Director of Labor

E 83-7                                          653 S.W.2d 140

Court of Appeals of Arkansas
Opinion delivered July 6, 1983

*Jerry R. Irvin,* of Legal Services of Northeast Arkansas,
for appellant.

*Alinda Andrews,* for appellee.

DONALD L. CORBIN, Judge. This is an appeal of an
overpayment determination by the Board of Review. On
September 29, 1982, the Employment Security Division
issued an overpayment determination holding that appel-
lant was liable to repay $1,547.00 to the fund because he had
received extended benefits to which he was not entitled.
Appellant appealed to the Appeal Tribunal and after a
hearing was held, the appeals referee affirmed the agency

determination that appellant had received benefits to which he was not entitled and was liable to reimburse the fund. Appellant appealed the decision to the Board of Review and presented a memorandum brief contending that appellant's testimony before the appeals referee supported a finding that the overpayment was received without fault on the part of appellant and its recovery would be against equity and good conscience. Appellant's brief argued, in the alternative, that the Board of Review should remand to the Appeal Tribunal for additional evidence on the issue of whether recoupment of the benefits would be against equity and good conscience. The Board found that the Appeal Tribunal's decision was correct and affirmed. We remand.

The pertinent statute in this appeal is Ark. Stat. Ann. § 81-1107 (f) (2) (Supp. 1981), which provides in part as follows:

> If the Director finds that any person has received any amount as benefits under this Act to which he was not entitled by reasons other than fraud, willful misrepresentation, or willful nondisclosure of facts, such person shall be liable to repay such amount to the Fund or in lieu of requiring the repayment, the Director may recover such amount by deduction from any future benefits payable to such person under this law *unless the Director finds that the overpayment was received without fault on the part of the recipient and its recovery would be against equity and good conscience.* (Emphasis added.)

Although appellant's brief to the Board of Review dealt exclusively with the issue of equity and good conscience, and the testimony before the Appeal Tribunal included evidence of appellant's economic position and other facts pertinent to a finding on whether the principles of equity and good conscience would be violated by requiring appellant to repay the benefits, the Board failed to make a finding on that issue.

It appears from the language of the above-quoted statute that the Legislature intended that the principles of

equity and good conscience be considered before the Board of Review requires repayment or recoupment of erroneously-received benefits where the error occurred without fault on the part of the recipient. Without a finding on this issue, it is impossible to determine if these factors have been considered in the Board of Review's decision in this case. and therefore, this case cannot be disposed of until such a finding is made.

> When an administrative agency fails to make a finding upon a pertinent issue of fact, the courts do not decide the question in the first instance; the cause is remanded to the agency so a finding can be made on that issue. *Reddick* v. *Scott,* 217 Ark. 38, 228 S.W.2d 1008 (1950).

*Hays* v. *Batesville Mfg. Co.,* 251 Ark. 659, 473 S.W.2d 926 (1971).

Remanded.