ALCOHOLIC BEVERAGE CONTROL BOARD *v.* Bob L. HICKS d/b/a BOB'S LIQUOR STORE

CA 85-485                                           718 S.W.2d 488

Court of Appeals of Arkansas
Division I
Opinion delivered November 5, 1986
[Rehearing denied December 3, 1986.]

*Treeca J. Dyer*, for appellant.

*Bill J. Davis*, for appellee.

ERNIE E. WRIGHT, Special Judge. The Alcoholic Beverage Control Board brings this appeal from a decision of the circuit judge, ordering the Board to issue a retail liquor and off-premises beer permit for appellee to operate a package store in the southwest corner of Union County. On appeal from the ABC Board's denial of the permit, the circuit court ordered the permit issued.

The appellant argues two points for reversal: (1) that the circuit court erred in remanding the case to the ABC Board for the taking of additional evidence, and (2) the circuit court erred in reviewing the evidence on its own when the Board made no findings on the additional evidence. We affirm in part, reverse in part, and remand.

In November 1982, appellee filed an application for a retail liquor and off-premises beer permit to operate a package store in the Dodge City community in Union County. On January 18, 1983, the ABC Director issued a decision finding that (1) the building appeared inadequate and in need of remodeling, and (2) adequate police protection may not be available in the rural area. The director concluded "that the public convenience and advantage would not be promoted by granting the applied for permits."

Appellee appealed to the Board, and a hearing was held on March 23, 1983. The Board's attorney read into the record a letter from the sheriff giving assurance that adequate police protection was available. Appellee testified concerning remodeling being done to the building to be used. However, because appellee failed to bring plans and specifications for the remodeling to the hearing, the hearing was postponed until April 20, 1983.

At the April 20 hearing, appellee presented plans for building improvements. No one appeared in opposition to the application, no objections were made to the final plans for the building to be used for the package store, and no further objections to the adequacy of police protection were made. The Board summarily voted to sustain the Director's decision and deny the permit on the ground of insufficient proof of broad public

need. ·

Appellee filed an appeal to the circuit court on May 13, 1983, and requested leave to present additional evidence. On November 8, 1984, appellee filed a motion in circuit court, alleging that the issue of public convenience and advantage was first raised at the April 20 hearing, that this issue was not stated as a reason for denial of the permit in the director's decision, and that the Board waived any action they could take for denial based on this issue. Appellee requested that the court either order the Board to issue the permit to appellee, or order a hearing to supplement the record on the issue of public convenience and advantage. The Board responded, stating that it conducted a *de novo* hearing and was not bound by the director's decision. The Board further contended that public convenience and advantage is always an issue of proof, and that the court could order additional evidence only on a showing of good reason for failure to present the evidence at the Board hearing.

The trial judge issued an order on March 18, 1985, remanding the case to the Board for the taking of evidence on the issue of public convenience and advantage. The court found from the record there were good and sufficient reasons that evidence of public convenience and advantage was not presented before the agency. Ark. Stat. Ann. § 5-713(f) (Repl. 1976) empowers the circuit court, upon motion before hearing an appeal from a final decision of an administrative agency, to order additional evidence to be taken when the court finds the evidence is material and that there were good reasons for failure to present the evidence before the agency. It is clear from its order that the trial court considered the evidence material because the evidence concerned the sole ground upon which the Board denied the application. The court order carried with it the implication the Board would make a new decision taking into account the additional evidence.

There was substantial evidence supporting the court's finding that there were good reasons for appellee's failure to present evidence as to the public convenience and advantage. The ABC director, in denying the application, indicated the deficiencies in the application were only the adequacy of the building and the adequacy of police protection. At the first hearing before the Board, a letter from the Union County Sheriff, giving assurance

that adequate police protection was available, eliminated that issue. There was evidence that appellee was in the process of remodeling a building to be used for the outlet. At that time, appellee had expended $2500 to $3000 in the remodeling, but the work was not fully completed, and he did not have with him detailed plans showing the remodeling to be done. Further hearing on the application was delayed to permit the appellee to furnish floor plans and other information on the remodeling. The proceedings before the Board indicate that the Board's primary concern was the adequacy of the building.

The record reveals that at the April 20 hearing, appellee produced evidence that the remodeling had been completed, and the issue as to the sufficiency of the building was dropped.

We do not reverse the trial judge's findings incident to the determination to remand the case to the ABC Board, for the taking of additional evidence as to the public convenience and advantage, unless his findings were clearly erroneous, and from a careful review of the record we are unable to say the trial judge's findings on this point were clearly erroneous. ARCP Rule 52(a).

We now turn to appellant's second point for reversal. At the hearing for supplemental evidence before the Board on April 22, 1985, appellee presented several witnesses who testified to the need for a liquor store in the area, and population records for surrounding townships were introduced. At the close of the hearing, the Board chairman asked for a decision motion. The Board's attorney responded that the hearing was solely for the purpose of receiving testimony, and the hearing was concluded without a decision taking the additional evidence into consideration.

On August 8, 1985, the circuit judge issued an opinion in which he stated:

> On April 22, 1985, the ABC Board met and evidence was presented on the sole issue of public convenience and advantage. No decision was made by the Board and the record is now before this Court for a decision. It is unusual that this Court is in a unique position of considering, on its own, the evidence presented at the April 22, 1985 hearing, and it does not have to review the Board's findings on that

evidence as it was never considered in the Board's determination of public convenience and advantage.

The judge concluded that there was substantial evidence in the record to support the position that the public convenience and advantage would be served by issuing the permit, and ordered the permit issued to appellee.

■■ We do find merit in the Board's second point. We note that the Board's attorney advised the Board that it was not to make a decision based on the evidence presented at the supplemental hearing. Ark. Stat. Ann. § 5-713(f) (Supp. 1985) clearly provides that when the circuit court orders an additional hearing, "[t]he agency may modify its findings and decision by reason of the additional evidence and shall file that evidence and any modifications, new findings, or decisions with the reviewing court." Therefore, even without specific instructions from the court, the Board has the statutory authority to make findings of fact and conclusions of law based on the evidence presented, and it had a duty to make a decision after considering the additional evidence that was vital to a final decision.

■ However, the circuit judge acted without authority in making his own findings of fact and conclusions of law in the absence of a decision by the Board. Ark. Stat. Ann. § 5-713(g) provides:

> The review shall be conducted by the court without a jury and shall be confined to the record, except that in cases of alleged irregularities in procedure before the agency, not shown in the record, testimony may be taken before the court.

Ark. Stat. Ann. § 5-713(h) provides that the court may affirm, reverse, or modify the agency's decision, or remand for further proceedings. Our statutes do not authorize the circuit judge to make his own findings of fact and conclusions of law in administrative proceedings, in the absence of a decision by the administrative agency.

■ The long-standing rule is that when an administrative agency fails to make a finding upon a pertinent issue of fact, the courts do not decide the question in the first instance. The cause is remanded to the agency so that a finding can be made on that

issue. *Hays* v. *Batesville Manufacturing Co.*, 251 Ark. 659, 473 S.W.2d 926 (1971); *Reddick* v. *Scott*, 217 Ark. 38, 229 S.W.2d 1008 (1950); *Lawrence* v. *Everett*, 9 Ark. App. 138, 653 S.W.2d 140 (1983).

Accordingly, we reverse and remand this cause to the circuit court, with directions to remand it to the ABC Board with directions that the Board make findings of fact and enter a decision on the application, taking the additional evidence into consideration.

Affirmed in part and reversed in part and remanded.

COOPER and CLONINGER, JJ., agree.