HOLSUM SHIPLEY BAKING COMPANY *v.* Jay
TERWILLIGER, Director of Labor, and Tracy Jennings

E 91-28                                            819 S.W.2d 303

Court of Appeals of Arkansas
En Banc
Opinion delivered November 27, 1991

*Barbara Oswald*, for appellant.

*Allan Pruitt*, for appellee.

JOHN E. JENNINGS, Judge. This is an unemployment compensation case. Neither party is represented by counsel and no briefs have been filed. The claimant, Tracy Jennings, worked in appellant's bakery as a packaging room helper and in loading ovens with bread until March of 1990 when she took a medical leave to have surgery performed for carpal tunnel syndrome. She was released by her doctor to return to work on August 18, 1990. She attempted to return to her former duties but found that she could not physically perform the work. When the claimant asked the employer whether there was any work which she could

physically do, she was told that there was not. The Board of Review found that she had been discharged and allowed benefits.

The document which serves as a notice of appeal to this court is a letter from Barbara Oswald, the personnel director of Holsum Shipley Baking Company. The letter states:

> We would like to "petition for review" the decision in this case.
>
> Shipley Baking Company *does not* wish to appeal the decision that benefits be allowed.
>
> Shipley Baking Company from the onset of this claim has asked that the statutory provision involved be under "Law: A.C.A. 11-10-513(b)"; that her reasons for leaving her job were after making a reasonable effort to preserve her job rights, she left because of her injury. [Emphasis in original.]

■ We do not reach the question of whether the Board's finding that the claimant had been discharged is supported by substantial evidence, because to do so would merely constitute an advisory opinion. *See generally Cozad* v. *State*, 303 Ark. 137, 792 S.W.2d 606 (1990); *Dilday* v. *State*, 300 Ark. 249, 778 S.W.2d 618 (1989). As a general rule, no appeal lies from findings of fact, conclusions of law, or "mere rulings." 4 Am. Jur. 2d *Appeal and Error* § 76 (1962). The posture of the present case is analogous to that presented to the supreme court in *Long* v. *Henderson*, 249 Ark. 367, 459 S.W.2d 542 (1970). There the court said:

> Appellee asserts that the court erred in excluding consideration of the evidence relating to the broken leg received by Ruth Henderson in her fall, contending that the evidence linked the 1967 automobile accident with the 1968 fall from the truck. However, she says, "Appellee wants the issues on the cross appeal decided but does not want a remand if a direct appeal is affirmed". We decline to grant the request to determine this issue, having stated that we do not render advisory opinions. *Kays* v. *Boyd*, 145 Ark. 303, 224 S.W. 617 (1920).

■ Likewise, the appellant in the case at bar asks us, in effect, to affirm the decision of the Board of Review but to change

the basis for the decision. Under the authority cited above we decline to do so. The appeal is dismissed; *see Beatty* v. *Clinton,* 299 Ark. 547, 772 S.W.2d 619 (1989).

CRACRAFT, C.J., concurs in the result.

COOPER and MAYFIELD, JJ., dissent.

MELVIN MAYFIELD, Judge, dissenting. I cannot agree to affirm the Board of Review's decision in this case. The case, in my opinion, should be remanded to the Board with directions for it to decide the issue relied upon by the appellant.

Neither the employer nor the employee was represented by counsel in this case and neither party field a brief. We have said, however, that unemployment benefits cases are not treated by our appellate rules the same as other civil cases are treated, and that it is not necessary for briefs to be filed in unemployment cases. *Hunter* v. *Daniels,* 2 Ark. App. 94, 616 S.W.2d 763 (1981). Therefore, it is both necessary and proper for us to read the transcript in this case.

The transcript reveals that when the appellee applied for unemployment benefits the appellant's personnel director, Ms. Oswald, wrote the Arkansas Employment Security Division a letter stating that the appellee's status as an employee was "that of an active one." The letter states that the appellant was waiting for the doctor to release the appellee to "regular duty," and that the appellee "has neither resigned nor have we discharged her."

The appellee, however, was awarded unemployment insurance benefits by the Employment Security Division upon a finding that she had been discharged for reasons other than misconduct in connection with the work.

So, the employer appealed to the Appeal Tribunal, again contending that the appellee had not been discharged but was considered by the employer to be on medical leave, and the employer asked whether the agency's decision of "not disqualified" for benefits could be upheld under Ark. Code Ann. § 11-10-513(b). That section allows benefits if an employee, after making reasonable efforts to preserve his or her job rights, left the job because of (among other reasons) "illness, injury, pregnancy, or other disability." At the hearing conducted by the Tribunal's

referee, Ms. Oswald testified to the events that occurred prior to the appellee's application for unemployment benefits and stated that it was the employer's position that the appellee had not been discharged but was still on medical leave. Again, Ms. Oswald informed the appeals referee that appellant agreed that the appellee's benefits should be upheld but that her benefits should come under Ark. Code Ann. § 11-10-513(b) (1987). The decision of the referee found that the appellee "never indicated any intent to quit her job" and that she "was discharged for a reason that does not constitute misconduct connected with the work." The decision does not even mention the appellant's contention that appellee should have benefits under Ark. Code Ann. § 11-10-513(b).

The employer then appealed to the Board of Review, and by letter dated December 6, 1990, again stated its position that the appellee had not been discharged. The letter states that the appellee "resigned after making a reasonable effort to return to work; but due to her physical disability could not do her job." And, the letter concludes: "Her award of benefits, we feel should be allowed under Ark. Code Ann. § 11-10-513(b)." That contention was not discussed by the Board. It simply adopted and affirmed the decision of the Appeal Tribunal.

On appeal to the court of appeals, appellant again stated its position that it does not wish to contest the decision that benefits be allowed; it asks only that the benefits be allowed under Ark. Code Ann. § 11-10-513(b) (1987). I think the appellant's contention should be addressed. It has made the same contention at each step of these proceedings but its contention has not been discussed at any level. The issue presented by appellant is a simple issue of fact. Was the employee discharged for reasons other than misconduct connected with the work or did she voluntarily leave her work because of illness, injury, or other disability. This court is not authorized to decide that factual question. It is our duty only to review the factual findings of the Board and determine if they are supported by substantial evidence. Since the Board has not discussed the appellant's contention in regard to section 11-10-513(b) but has only adopted the findings of the Appeal Tribunal, this matter should be remanded to the Board and the Board directed to make a finding upon the issue the appellant has raised each step of the proceedings.

In *Lawrence* v. *Everett*, 9 Ark. App. 138, 653 S.W.2d 140 (1983), this court remanded an unemployment case to the Board of Review for it to make a finding upon an issue it had failed to decide. The Board had affirmed an Appeal Tribunal decision holding that the appellant was liable to repay unemployment benefits which the appellant had received but to which he was not entitled. The appellant had raised the issue that it would be against equity and good conscience for him to be required to make the repayment. The Board made no finding on that issue. We said that a statute excused repayment if the benefits were received without fault and repayment would be against equity and good conscience. Therefore, we remanded for the Board to make a finding on the equity and good conscience issue. Quoting from *Hays* v. *Batesville Mfg. Co.*, 251 Ark. 659, 473 S.W.2d 926 (1971), we said:

> When an administrative agency fails to make a finding upon a pertinent issue of fact, the courts do not decide the question in the first instance; the cause is remanded to the agency so a finding can be made on that issue. *Reddick* v. *Scott*, 217 Ark. 38, 228 S.W.2d 1008 (1950).

The majority opinion of this court takes the position that the appellant is asking us to affirm the decision of the Board of Review but simply change the basis for its decision. That, the majority opinion indicates, would be like rendering an advisory opinion and cases are cited which hold that this would not be proper. The trouble with that position is twofold. First, the appellant says that it is not merely seeking an advisory opinion; it contends the issue it presents is one that directly affects its financial interest. Second, the majority opinion cites no authority and gives no reason in support of its assertion that the appellant is seeking an advisory opinion.

The appellant's personnel director, Ms. Oswald, testified that after her surgery the appellee returned to work on August 18, 1990, but after working one and one-half days, she stopped work and went to see her doctor. Then the appellee came back on September 17, 1990, and told Ms. Oswald, "More than likely, I'll no longer be able to do this kind of work." Ms. Oswald said:

> [S]o the position we take, is that on August the 18th, that she did, indeed, come back and make a reasonable effort to

preserve her job, but, due to a personal emergency, and after this reasonable effort, because of her disability, she can no longer do this type work, which is why we consider it a resignation, and that her benefits, should they be upheld and allowed, should come under ACA law § 11-10-513(b), which provides the benefits, *but provides no liability for the employer.* [Emphasis supplied.]

It appears to me that the appellant thinks that the tax it must pay for unemployment compensation would not be increased by benefits received by the appellee under section 11-10-513(b). This seems to be correct under Ark. Code Ann. § 11-10-703(a)(3) (1987) which provides:

(3) However, regular benefit payments shall not be charged to the separate account of any employer if the employer provides the director with notices regarding separation from work as are required by regulations of the director if the director finds that:

(A) The claimant voluntarily left the employer without good cause connected with the work; . . . .

Thus, if the appellee in the present case left her work with appellant (after reasonable efforts to preserve her job rights) because of illness, injury or other disability as provided in section 11-10-513(b), then the unemployment benefits paid to her would not be charged to appellant's account and would not cause any increase in appellant's unemployment compensation tax. Appellant, therefore, is not raising an issue which calls for an advisory opinion. It is raising an issue which directly affects its financial interest, and this is an issue which I believe should be addressed in this case.

It can be argued that this issue was addressed because the Appeal Tribunal found that the appellee "never indicated any intent to quit her job" and that she was "discharged for a reason that does not constitute misconduct connected with the work," and these findings were adopted by the Board of Review. But the Appeal Tribunal's decision makes it clear that it did not address the appellant's contention under section 11-10-513(b). In fact the Tribunal's decision states that appellee is entitled to benefits under section 11-10-514. That section simply provides that an

individual shall be disqualified for benefits if "he is discharged from his last work for misconduct in connection with the work." The Tribunal has said (and this was adopted by the Board) that appellee was "discharged for a reason that does not constitute misconduct." However, the Board does not say what this reason is. Therefore, we cannot review the finding it did not make. *See Hays* v. *Batesville Mfg. Co., supra.* This case needs to be remanded and the Board directed to make a finding on the issue presented by the appellant.

I dissent from the holding of the majority opinion.

COOPER, J., joins in this dissent.