Rebecca CHANDLER *v.*
ARKANSAS APPRAISERS LICENSING
and CERTIFICATION BOARD

CA 04-1193                                            214 S.W.3d 861

Court of Appeals of Arkansas
Opinion delivered October 5, 2005

*Dodds, Kidd & Ryan*, by: *Stephanie Chamberlin*, for appellant.

*Mike Beebe*, Arkansas Attorney General, by: *Warren T. Readnour*, Assistant Attorney General, for appellee.

TERRY CRABTREE, Judge. Appellant Rebecca Chandler, a certified residential appraiser, appeals from an order of the Pulaski County Circuit Court affirming an order by the appellee Appraisers Licensing & Certification Board. The Board suspended Chandler's license for six months, to be followed by a six-month probationary period. The Board also ordered Chandler to pay a civil penalty of $2,000 and complete two remedial courses and examinations. We reverse and remand without reaching the merits of this appeal because the Board's decision does not contain sufficient findings of fact to allow for proper judicial review.

The Board's findings can be summarized as follows: (1) Chandler is a licensed residential appraiser; (2) Chandler conducted appraisals for Guaranty Lending, Inc. (Guaranty) on six specific properties between October 2000 and April 2001; (3) the Board received a letter from the Arkansas Securities Department referencing four of the appraisal reports resulting from the Securities Department's investigation into Guaranty, together with a letter to the Securities Department from another appraiser, Tom Ferstl; (4) the Securities Department indicated that the FBI was requesting the Board to delay its investigation, the FBI authorized the Board to continue its investigation in May 2002 and provided the Board with additional information, and Chandler was notified of the complaint in a letter dated May 31, 2002; (5) the Board received a complaint concerning the appraisal of one of the specified properties. The Board then summarily concluded that Chandler had violated certain rules contained in the Uniform Standards of Professional Appraisal Practice (Standards), but it did not state how Chandler may have violated those rules.

The Administrative Procedures Act requires that a "final decision shall include findings of fact and conclusions of law, separately stated. Findings of fact, if set forth in statutory language, shall be accompanied by a concise and explicit statement of the underlying facts supporting the findings." Ark. Code Ann. § 25-15-210(b)(2) (Repl. 2002). This court has described a "finding of fact" as:

> [A] simple straightforward statement of what happened. A statement of what the Board finds has happened; not a statement that a witness, or witnesses, testified thus and so. . . . [W]hen the reader is a reviewing court the statement must contain all specific facts relevant to the contested issue or issues so that the court may determine whether the Board has resolved those issues in conformity with the law.

*Nesterenko v. Arkansas Bd. of Chiropractic Exam'rs*, 76 Ark. App. 561, 566, 69 S.W.3d 459, 461 (2002). Here, the Board does not set out the facts supporting its conclusion that Chandler violated the Standards. The Board's findings are more of a procedural history rather than what Chandler did to warrant professional discipline.

■ The long-standing rule is that, when an administrative agency fails to make a finding upon a pertinent issue of fact, the courts do not decide the question in the first instance. The cause is remanded to the agency so that a finding can be made on that issue. *Hays v. Batesville Mfg. Co.*, 251 Ark. 659, 473 S.W.2d 926 (1971); *Reddick v. Scott*, 217 Ark. 38, 228 S.W.2d 1008 (1950); *Alcoholic Beverage Control Bd. v. Hicks*, 19 Ark. App. 212, 718 S.W.2d 488 (1986); *Lawrence v. Everett*, 9 Ark. App. 138, 653 S.W.2d 140 (1983).

Accordingly, we reverse and remand this cause to the circuit court, with directions to remand it to the Board to make findings of fact supporting its decision.

Reversed and Remanded.

ROBBINS and GRIFFEN, JJ., agree.