SLIP OPINION



Cite as 2015 Ark. App. 129

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. E-14-450

| | |
|---|---|
| JUAN SALDANA        APPELLANT | **Opinion Delivered** February 25, 2015 |
| V. | APPEAL FROM THE ARKANSAS BOARD OF REVIEW [NO. 2014-BR-00794] |
| DIRECTOR, DEPARTMENT OF WORKFORCE SERVICES        APPELLEE | REMANDED FOR ADDITIONAL FINDINGS |

## PHILLIP T. WHITEAKER, Judge

This is an appeal of a denial of unemployment benefits. Juan Saldana appeals a decision of the Board of Review that affirmed the denial of his claim for benefits due to his failure to timely prosecute his appeal rights. On appeal, Saldana argues that the Department violated federal law, denied him his constitutional right to due process, and violated the equal protection clauses of the state and federal constitutions. He also argues that there was insufficient evidence to support the Board's decision. Because the Board failed to make written findings on Saldana's federal, state, and constitutional claims, we remand the matter to the Board for a ruling on these issues.

Even though we are remanding this matter without addressing Saldana's arguments on appeal, a review of the procedural history is relevant to our determination. Saldana, a Spanish speaking individual—who does not speak, read, or understand English—filed for unemployment benefits. On January 21, 2014, the Department of Workforce Services issued

SLIP OPINION

a Notice of Agency Determination, denying Saldana's claim for benefits. Saldana admittedly received the notice; however, the notice was written in English.

After receiving the Notice of Agency Determination, Saldana had statutory appeal rights. To perfect his appeal, Saldana needed to file a written notice of appeal with the Appeal Tribunal within twenty (20) calendar days of the January 21, 2014 notice. Ark. Code Ann. § 11-10-524(a) (Repl. 2012). On February 3, 2014—within the twenty-day time period for filing an appeal—Saldana phoned the Department and, through an interpreter, informed the Department he was not receiving his unemployment benefits and needed a job. He was advised that if he did not agree with the Department's decision, he could take it to his local office and file an appeal. Nothing in the record indicates whether or not he was informed of the time limits in which to file the appeal during that conversation.

On February 26, 2014, Saldana visited the local office with an interpreter again asking why he was not receiving benefits. The record indicates he was advised of the Department's decision and of the previous discussion regarding the filing of an appeal. He was given an appeal form at that time. He contacted an attorney that same day and filed his appeal from the denial of his benefits to the Appeal Tribunal. There is no dispute that the appeal was not filed within the statutory time limits for appeal.

Even though his appeal exceeded the statutory limit, Saldana was afforded a hearing to establish whether the late filing was the result of circumstances beyond his control under *Paulino v. Daniels*, 269 Ark. 676, 599 S.W.2d 760 (Ark. App.1980). At the hearing, Saldana argued that the late filing was the result of the Department's failure to notify him in Spanish

of the time limitations surrounding an appeal.  He argued that the failure of the Department to provide notification of these timelines in his native tongue violated federal and state law, violated his constitutional rights to due process, and violated the equal protection clause.

The Tribunal found that the circumstances resulting in the late filing were not beyond his control and dismissed his appeal. The Tribunal mentioned the constitutional issues raised by Saldana, but erroneously held that it lacked the jurisdiction to address those issues.

Saldana timely appealed the Tribunal's decision to the Board of Review. In his petition to the Board of Review, Saldana reiterated his constitutional arguments, including the alleged violations of due process, equal protection, and state and federal laws.  He also challenged the court's findings with respect to its determination that the failure to timely file was not outside his control. The Board of Review, without addressing Saldana's constitutional arguments, affirmed the decision of the Appeal Tribunal and dismissed his appeal.

Saldana timely appealed the Board's decision to this court.  On appeal, he challenges the court's finding that the failure to timely file an appeal was within his control and, again, reasserts his constitutional arguments.  However, because the Board did not make any findings with respect to the constitutional issues in the first instance, we must remand for further findings.  When an administrative agency fails to make a finding on a pertinent issue, we do not decide the question in the first instance, but instead remand for a ruling.  *Bergman v. Director*, 2009 Ark. App. 724; *Lawrence v. Everett*, 9 Ark. App. 138, 653 S.W.2d 140 (1983).

Remanded for additional findings.
HARRISON and VAUGHT, JJ., agree.
*Mary E. Goff*, Legal Aid of Arkansas, Inc., for appellant.
*Phyllis A. Edwards*, for appellee.